**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
GLOBAL COMMODITIES, INC.,

                            Plaintiff,
                                                                        **COMPLAINT**
              -against-

TN FOODS, INC. AND MALIK M. YOUNIS,              18-CV-____

                            Defendants.
-------------------------------------------------------------------X

Plaintiff, by its attorney, Todd Wengrovsky, respectfully sets forth and alleges:

## I.
## JURISDICTION

1. This is an action for trademark and trade dress infringement and unfair competition under 15 USCS 1051, et. seq. The Court has jurisdiction over the claim under 15 USCS 1051 et seq., as well as 28 USCS 1331(a) and 1338(a), 28 USCS 1338(b), and the doctrine of pendent jurisdiction.

## II.
## VENUE

2. Venue is vested in this Court pursuant to 28 USCS 1391 and 1400 in that the claims asserted here arose within this district, and that Plaintiff's principal place of business is located within this district.

## III.
## THE PARTIES

3. At all relevant times, Plaintiff Global Commodities, Inc. is and was a corporation organized and existing under the laws of the State of New York. Plaintiff's address is 60 Commerce Drive, Hicksville, NY 11801.

4. Upon information and belief, at all relevant times, Defendant TN Foods, Inc. is and was a corporation organized and existing under the laws of the State of Michigan, with an address of 1515 Alfred Street, Detroit, MI 48212.

5. Upon information and belief, Defendant Malik M. Younis is an individual and principal of TN Foods, Inc. with an address of 1515 Alfred Street, Detroit, MI 48212.  Upon information and belief, as the founder and/or owner of TN Foods, Inc., Malik M. Younis is the conscious, moving force behind the activities of the company and of its ongoing infringement. The company's decisions are made by Malik M. Younis the daily business of the company is under the control and direction of Malik M. Younis, and the company's actions concerning the ongoing infringement were instigated by, and continue at the behest of Malik M. Younis, who directly benefits financially from such activities.

## V.
## BACKGROUND AND FACTS

### A. Plaintiff Global Commodities' Trademark And Trade Dress

6. Plaintiff Global Commodities, Inc. is an importer and distributor of food products including rice.

7. Global Commodities is the owner of all right, title, and interest to its trade dress and unique packaging for its "AAHU BARAH" brand rice.  Global Commodities has been using such trade dress for many years, and the same has become well known in the industry as a symbol of high quality goods.

8. Global Commodities has spent substantial time, money, and effort in promoting its trade dress, which has achieved commercial success and customer recognition.  As such, the intellectual property at issue is of significant value to Global Commodities.

9. Global Commodities, Inc. is also the owner of all right, title, and interest to its "fawn trademark," a unique deer design that prominently appears on its trade dress. Global Commodities, Inc. has been using such mark since 1997, and secured United States Trademark Registration Number 3,239,488 on May 8, 2007 for the mark used in connection with rice.

**B. TN Foods' Usage Of Global Commodities' Trademark And Trade Dress**

10. Defendant TN Foods, Inc. is also an importer and distributor of food products, including rice, and is a direct competitor of Global Commodities.

11. TN Foods, Inc. is using Global Commodities' trademark, trade dress and unique package design in connection with the identical goods, without license or authorization from Global Commodities, under the brand name "CHASHM-E-AAHU."

12. Following is a side-by-side view of Global Commodities' packaging and TN Foods' packaging:

 

13. As can be easily seen, the bags feature the same colors and same overall layout. Appearing at the top of the packages, each brand name has the same curvature, and each brand name features the word "AAHU." This immediately creates a likelihood of confusion among consumers, who will think that the TN Foods' product is Global Commodities' AAHU BARAH product.

14. Furthermore, beneath the semi-circular brand name on each package is a prominent deer or fawn figure. In each case, the fawn is facing left and is in a leaping position, with its rear legs extended. As such, TN Foods' fawn infringes Global Commodities' United States Trademark Registration Number 3,239,488, as it is used for the identical product, rice, and is sold in the same channels of trade. Because there is no connection between fawns and rice, TN Foods' prominent usage of such animal figure is clearly not a coincidence.

15. Moreover, on each company's package, a red oval shape with jagged edges appears on the lower side of the fawn, containing the exact words "SUPREME QUALITY." Again, such can not be a coincidence.

16. In addition, on each package, the content of the front label is encased within an ornate rectangle of the same width. On both companies' packages, the text "Net wt." appears in a rectangular box, each separated from actual numerical weight. Each box around such text is shadowed. The actual weight (in "LB" and "KG") appears on the opposite side from "Net wt" on both packages, also in a shadowed box.

17. Next, the text "EXTRA CLEAN" also appears in the same location, under the fawn. Text including "SUPER BASMATI" also appears below "EXTRA CLEAN" on both packages. The term "RICE" then appears below "EXTRA CLEAN" on both packages, in the same color red.

18. <u>The above is clearly an attempt by TN Foods to unfairly compete with Global Commodities in the market by appropriating Global Commodities' trademark and trade dress</u>.

**C. TN Foods' Infringement Of Global Commodities' Trademark And Trade Dress**

19. Per 15 U.S.C. 1114, a plaintiff's trademark or trade dress is protected by federal law against infringement by use of colorable imitations of same which are "likely to cause confusion, or to cause mistake, or to deceive."

20. The above constitutes Federal unfair competition and trademark and trade dress infringement pursuant to 15 U.S.C. 1125, as well as unfair competition pursuant to state statutes.

21. Consumers will likely assume that TN Foods' infringing package is that of Global Commodities, causing Global Commodities lost sales, especially since the bags are typically wrapped in plastic, obscuring any subtle differences. Global Commodities' and TN Foods' products occupy the identical markets, as they are literally sold to the same customers. Thus, the products are in such proximity that consumer confusion is the only logical result.

22. Prospective purchasers of Global Commodities' and TN Foods' products will begin by assuming there is an affiliation between Global Commodities and TN Foods. Thereafter, they are unlikely to conduct sufficient research to confirm that the parties are unaffiliated.

23. As TN Foods continues to expand their product line and relevant sales volume, instances of actual confusion will only increase, much to Global Commodities' detriment.

24. Because Defendants infringed Global Commodities' intellectual property knowingly and willfully, Global Commodities is entitled to a substantial court award of damages, reimbursement of its legal fees and costs, and an injunction against Defendants' distribution and sale of the infringing products.

25. In sum, Global Commodities has expended significant time, effort, and resources in promoting its trademark and trade dress. Defendants are free riding on Global Commodities' trademark and trade dress, enjoying revenues from using same without the expenditures

associated with truly developing same. Global Commodities is being damaged by Defendants' infringement, including lost revenues and damage to business reputation.

26. Accordingly, Global Commodities seeks damages in the form of: (1) all of Defendants' profits with interest from the inception of Defendants' unauthorized usage of the mark and trademark and trade dress through conclusion of this action; (2) the damages sustained by Global Commodities; and (3) the costs of the action pursuant to 15 U.S.C. § 1117(a).

27. In addition, pursuant to 15 U.S.C. § 1117(b), Global Commodities also demands treble damages and attorneys fees due to Defendants' bad faith and ongoing willful, egregious infringement.

## AS AND FOR A FIRST CAUSE OF ACTION: TRADE DRESS INFRINGEMENT
### (Violation of 15 U.S.C. § 1114 and N.Y. Gen. Bus. Law § 360(K))

28. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 27 set out herein, with the same force and effect as if fully set forth therein.

29. Plaintiff has made a substantial investment of time, money, skill, and effort to create a strong public association with its trade dress.

30. Defendants are using Plaintiff's trade dress in connection with the same goods offered by Plaintiff.

31. Defendants' usage of Plaintiff's trade dress is likely to cause confusion among relevant consumers.

32. Defendants have violated the terms of the Lanham Act, codified at 15 U.S.C. 1051, et seq.

33. Plaintiff has suffered and will to continue to suffer economic losses due to the infringement of Defendants, in violation of 15 U.S.C. 1051, et seq.

34. Plaintiff is unable to ascertain the amount of its actual damages at this time.

6

## AS AND FOR A SECOND CAUSE OF ACTION: TRADEMARK INFRINGEMENT

35. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 34 set out herein, with the same force and effect as if fully set forth therein.

36. Plaintiff has made a substantial investment of time, money, skill, and effort to create a strong public association with the fawn trademark, used in connection with rice.

37. Plaintiff was granted United States Trademark Registration Number 3,239,488 for its "fawn trademark," a unique deer design that prominently appears on its packaging, on May 8, 2007, for the mark used in connection with rice. Plaintiff has been using such mark since 1997.

38. During Plaintiff's usage of the mark, markings appeared on Plaintiff's product and/or advertising serving as notice to the public that the mark was protected by the trademark laws.

39. Defendants are using a mark that is confusingly similar to Plaintiff's Registered Trademark in connection with the same goods offered by Plaintiff.

40. Defendants' usage of such mark is likely to cause confusion among relevant consumers.

41. Defendants have violated the terms of the Lanham Act, codified at 15 U.S.C. 1051, et seq.

42. Plaintiff has suffered and will to continue to suffer economic losses due to the trademark infringement of Defendants, in violation of 15 U.S.C. 1051, et seq.

43. Plaintiff is unable to ascertain the amount of its actual damages at this time.

**WHEREFORE**, Plaintiff requests that:

A. It be adjudged that Plaintiff's trade dress has been infringed by Defendants;

B. It be adjudged that Plaintiff's trademark has been infringed by Defendants;

C. Defendants and their officers, directors, agents, representatives, attorneys and all persons acting and claiming to act on their behalf or under their direction or authority, and all persons

acting in concert or participation with them, and each of them, be permanently enjoined from using Plaintiff's trade dress and trademark.

D. Defendants be required to account for its profits from infringement;

E. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on their first cause of action;

F. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on their second cause of action;

G. That the Court award Plaintiff costs and disbursements of this action as provided by 15 U.S.C. 1117(a);

H. That the Court increase the amount of damages found or assessed for Defendants' infringement by three times, and award reasonable attorneys fees, on account of the willful, intentional, and deliberate character of Defendants' infringing acts, as provided by 15 U.S.C. 1117(b);

I. That the Court award Plaintiff such other and further relief as the Court deems just, proper, and equitable.

Dated:   Calverton, New York
         March 8, 2018

/s/ Todd Wengrovsky
Todd Wengrovsky
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
contact@twlegal.com
*Attorney for Plaintiff*
